

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**A CERTIFIED TRUE COPY**

DEC 2 7 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED    DEC 2 7 2006

JAN 11 2007    FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1806*

CLERK, U.S. DISTRICT COURT
BY                    DEPUTY

3: 07cv 75
BeN

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)

*Janemarie Lenihan v. Morgan Stanley & Co., Inc., et al.*, D. Connecticut,
  C.A. No. 3:06-794
*Joseph Stowell, Jr. v. Morgan Stanley DW, Inc.*, C.D. Illinois, C.A. No. 1:06-1219
*Robert Steinberg v. Morgan Stanley & Co., Inc., et al.*, D. New Jersey C.A. No. 2:05-4856
*Paul Roles v. Morgan Stanley & Co., Inc., et al.*, E.D. New York, C.A. No. 2:05-4553
*David Andrew Gasman, et al. v. Morgan Stanley*, S.D. New York, C.A. No. 1:05-7889
*Kyle R. Armitage v. Morgan Stanley & Co., Inc.*, E.D. Texas, C.A. No. 1:06-347

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of six putative class actions[1] pending, respectively, in each of the following districts: the District of Connecticut, the Central District of Illinois, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Eastern District of Texas.[2] Plaintiffs in the Central District of Illinois and the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Defendants Morgan Stanley & Co. (Morgan) and a Morgan affiliate, joined by plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions, do not oppose centralization, but argue in favor of the Southern District of California as transferee forum.

---

[1] As originally filed, the Section 1407 motion included a seventh action pending at the time in the Southern District of Florida: *Jennifer Taub v. Morgan Stanley DW, Inc.*, C.A. No. 06-60921. That action has since been settled, and the district court has entered an order approving the settlement agreement and dismissing the action with prejudice. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

[2] The Panel has been notified of three additional related actions pending as follows: two actions in the Southern District of California and one action in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Each of the six actions raises allegations that the Morgan defendants violated the Fair Labor Standards Act and state labor laws by i) misclassifying certain of their sales employees as exempt from overtime pay requirements and/or ii) making improper deductions from those employees' compensation.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of California is an appropriate transferee forum for this docket.  An earlier action against the Morgan defendants raising similar claims has just recently settled in that district.  More significantly, the Morgan defendants and the plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions state that they have reached a "global settlement" under which a consolidated complaint would be filed in the California district, the matter would be related to the now-settled Southern District of California action, and Judge Roger T. Benitez, who presides over the Southern California action, would administer a settlement resolving the claims against defendants on a nationwide basis.  Transfer to the Southern District of California would thus place this litigation before a judge already familiar with the issues in the litigation and may further enhance the prospects for a just and speedy resolution of all MDL-1806 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

IN RE: MDL 1806
MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION

Attached is a certified copy of the transfer order received from the Multidistrict Litigation Panel in Washington, D.C. It instructs that the case(s) listed be transferred to our district for disposition pursuant to Title 28 USC 1407, as soon as possible. The order includes the following case number(s) assigned to the Southern District of California.

The Honorable Roger T. Benitez, U.S. District Judge will be the presiding judge on this case. Please forward a copy of the complaint (including notice of removal, if applicable), any amendments, the docket sheet and the MDL Transfer Order to our office.

| Case Name | Your Case Number | Our California Case Number |
|---|---|---|
| Lenihan v. Morgan Stanley | Connecticut No 3:06-794 | 3:07cv0070BEN |
| Stowell Jr. v. Morgan Stanley | Illinois 1:06-1219 | 3:07cv0071BEN |
| Steinberg v. Morgan Stanley | New Jersey 2:05-4856 | 3:07cv0072BEN |
| Roles v. Morgan Stanley | New York 2:05-4553 | 3:07cv0073BEN |
| Gasman v. Morgan Stanley | New York 1:05-7889 | 3:07cv0074BEN |
| Armitage v. Morgan Stanley | Texas 1:06-347 | 3:07cv0075BEN |

Please forward the above requested documents, preferably as PDF documents attached to an email addressed to Beverly_Robinson@casd.uscourts.gov Please attach separate PDFs for each of the documents. If this is not possible, please forward the printed copies of the requested documents via mail.

Should you have any questions regarding this request, please contact Beverly Robinson at (619)557-5519.

Very truly yours,

W. Samuel Hamrick, Clerk
Southern District of California

CLOSED, JURY, MDL

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Beaumont)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00347-MAC

Armitage v. Morgan Stanley & Co, Inc
Assigned to: Judge Marcia A. Crone
Cause: 29:201 Fair Labor Standards Act

Date Filed: 06/23/2006
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

## Plaintiff

**Kyle R Armitage**
*on behalf of himself and all others
similarly situated*

represented by **Jack L Haan**
Shaheen, Novoselsky, Et Al
20 N. Wacker Drive, Suite 2900
Chicago, IL 60606
US
312-621-4400
Fax: 312-621-0268
Email: jhaan@snsfe-law.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**James J Eccleston**
Shaheen, Novoselsky, Et Al
20 N. Wacker Drive, Suite 2900
Chicago, IL 60606
US
312-621-4400
Fax: 312-621-0268
Email: jecclestone@snsfe-
law.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**James E Hasser, Jr**
Diamond Hasser Frost & Luckie
P O Drawer 40600
Mobile, AL 36640
US
251/432-3362

Fax: 251/432-7702
Email: jhasser@dhf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R Wylie**
Futterman Howard Watkins Wylie
& Ashley
122 S Michigan Avenue
#1850
Chicago, IL 60603
US
312/427-3600
Fax: 312/427-1850
Email:
jwylie@futtermanhoward.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Lyle Coffman**
The Coffman Law Firm
1240 Orleans
Suite 200
Beaumont, TX 77701
409/832-4767
Fax: 866/835-8250
Email: rc@cofflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wyatt B Durrette, Jr**
DurretteBradshaw PLC
600 E Main Street
20th Floor
Richmond, VA 23219
US
804/775-6900
Fax: 804/775-6911
Email:
wdurrette@durrettebradshaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Morgan Stanley & Co, Inc**            represented by **Hubert Oxford, III**
Benckenstein & Oxford
3535 Calder Ave
Suite 300
Beaumont, TX 77704
409/833-9182
Fax: 14098338819
Email:
hubertoxford@benoxford.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hubert Oxford, IV**
Benckenstein & Oxford
3535 Calder Ave
Suite 300
Beaumont, TX 77704
409/833-9182
Fax: 14098338819
Email: hoxfordiv@benoxford.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark S Dichter**
Morgan Lewis & Bockius -
Philadelphia
1701 Market Street
Philadelphia, PA 19103
Email:
mdichter@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Samuel S Shaulson**
Morgan Lewis & Bockius - NY
101 Park Ave
New York, NY 10178
US
212-309-6718

Fax: 215-309-6001
Email:
sshaulson@morganlewis.com
*ATTORNEY TO BE NOTICED*

**W Russell Hamilton**
Morgan, Lewis & Bockius
5300 Wachovia Financial Center
200 South Biscayne Blvd
Miami, FL 33131
US
305-415-3440
Fax: 305-415-3001
Email:
rhamilton@morganlewis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2006 | 1 | COMPLAINT against Morgan Stanley & Co, Inc (Filing fee $ 350; Receipt #1-1-2341.) , filed by Kyle R Armitage. (Attachments: # 1 Civil Cover Sheet & Case Assignment Sheet)(aam, ) (Entered: 06/27/2006) |
| 06/23/2006 | 2 | Summons Issued as to Morgan Stanley & Co, Inc. & handed to pla's atty for service (aam, ) (Entered: 06/27/2006) |
| 06/27/2006 | 3 | Magistrate Consent Form sent electronically to pla's atty Richard Coffman (aam, ) (Entered: 06/27/2006) |
| 07/18/2006 | 4 | Return of Service Executed as to Morgan Stanley & Co, Inc on 7/5/2006, answer due: 7/25/2006. (mrp, ) (Entered: 07/19/2006) |
| 07/20/2006 | 5 | NOTICE by Kyle R Armitage *Notice of Change of Firm Name* (Coffman, Richard) (Entered: 07/20/2006) |
| 07/26/2006 | 6 | MOTION for Extension of Time to File Answer by Morgan Stanley & Co, Inc. (Attachments: # 1 Text of Proposed Order Proposed Order)(Oxford, Hubert) (Entered: 07/26/2006) |
| 08/01/2006 | 7 | ORDER granting 6 Motion for Extension of Time to Respond to Complaint. Defendant shall file its answer on or before 8/25/06. Signed by Judge Marcia A. Crone on 8/1/06. (mrp, ) (Entered: 08/01/2006) |

| 08/01/2006 | ⊛8 | APPLICATION to Appear Pro Hac Vice by Attorney Wyatt B Durrette, Jr for Kyle R Armitage. (mrp, ) (Entered: 08/03/2006) |
|------------|------|----------------------------------------------------------------------|
| 08/01/2006 | ⊛ | Pro Hac Vice Filing fee paid by Wyatt B. Durrette, Jr.; Fee: $25, receipt number: 1-1-2604 (mrp, ) (Entered: 08/03/2006) |
| 08/02/2006 | ⊛9 | APPLICATION to Appear Pro Hac Vice by Attorney John R Wylie for Kyle R Armitage. (mrp, ) (Entered: 08/03/2006) |
| 08/02/2006 | ⊛ | Pro Hac Vice Filing fee paid by John R. Wylie; Fee: $25, receipt number: 1-1-2615 (mrp, ) (Entered: 08/03/2006) |
| 08/15/2006 | ⊛10 | APPLICATION to Appear Pro Hac Vice by Attorney James E Hasser, Jr for Kyle R Armitage. (mrp, ) (Entered: 08/16/2006) |
| 08/15/2006 | ⊛ | Pro Hac Vice Filing fee paid by James E. Hasser, Jr.; Fee: $25, receipt number: 1-1-2686 (mrp, ) (Entered: 08/16/2006) |
| 08/23/2006 | ⊛11 | MOTION for Extension of Time to File Answer *to Complaint* by Morgan Stanley & Co, Inc. (Oxford, Hubert) (Entered: 08/23/2006) |
| 08/24/2006 | ⊛12 | RESPONSE to Motion re 11 MOTION for Extension of Time to File Answer *to Complaint* filed by Kyle R Armitage. (Coffman, Richard) (Entered: 08/24/2006) |
| 08/24/2006 | ⊛13 | ORDER granting 11 Motion for Extension of Time to Answer. Defendant shall file its answer to Plaintiff's complaint on or before 9/1/06. Signed by Judge Marcia A. Crone on 8/24/06. (mrp, ) (Entered: 08/24/2006) |
| 08/24/2006 | ⊛14 | APPLICATION to Appear Pro Hac Vice by Attorney James J Eccleston for Kyle R Armitage. (mrp, ) (Entered: 08/25/2006) |
| 08/24/2006 | ⊛15 | APPLICATION to Appear Pro Hac Vice by Attorney Jack L Haan for Kyle R Armitage. (mrp, ) (Entered: 08/25/2006) |
| 08/24/2006 | ⊛ | Pro Hac Vice Filing fee paid by Jack L Haan and James J Eccleston; Fee: $50, receipt number: 1-1-2744 (mrp, ) (Entered: 08/25/2006) |
| 08/28/2006 | ⊛17 | APPLICATION to Appear Pro Hac Vice by Attorney Mark S Dichter for Morgan Stanley & Co, Inc. (mrp, ) (Entered: 08/30/2006) |
| 08/28/2006 | ⊛18 | APPLICATION to Appear Pro Hac Vice by Attorney Samuel S Shaulson for Morgan Stanley & Co, Inc. (mrp, ) (Entered: |

|  |  | 08/30/2006) |
|---|---|---|
| 08/28/2006 | ✎19 | APPLICATION to Appear Pro Hac Vice by Attorney W Russell Hamilton for Morgan Stanley & Co, Inc. (mrp, ) (Entered: 08/30/2006) |
| 08/28/2006 | ✎ | Pro Hac Vice Filing fee paid by W Russell Hamilton, Samuel Shaulson and Mark Dichter; Fee: $75, receipt number: 1-1-2765 (mrp, ) (Entered: 08/30/2006) |
| 08/29/2006 | ✎16 | MOTION to Dismiss *Plaintiff's Collective Action and Class Claims or, Alternatively, to Stay or Transfer Plaintiff's Collective Action and Class Claims* by Morgan Stanley & Co, Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Oxford, Hubert) Additional attachment(s) added on 8/30/2006 (mrp, ). (Entered: 08/29/2006) |
| 08/30/2006 | ✎20 | NOTICE of Attorney Appearance by John R Wylie on behalf of Kyle R Armitage (Wylie, John) (Entered: 08/30/2006) |
| 09/11/2006 | ✎21 | MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss or, in the Alternative Motion to Stay* by Kyle R Armitage. (Attachments: # 1)(Coffman, Richard) (Entered: 09/11/2006) |
| 09/12/2006 | ✎22 | MOTION for Extension of Time to File Response/Reply by Morgan Stanley & Co, Inc. (Oxford, Hubert) Additional attachment(s) added on 9/12/2006 (mrp, ). (Entered: 09/12/2006) |
| 09/12/2006 | ✎23 | ***THIS DOCUMENT FILED IN ERROR AS A RESPONSE. ATTACHED THIS PROPOSED ORDER TO MOTION #22.***<br><br>RESPONSE to Motion re 22 MOTION for Extension of Time to File Response/Reply *Order* filed by Morgan Stanley & Co, Inc. (Oxford, Hubert) Modified on 9/12/2006 (mrp, ). (Entered: 09/12/2006) |
| 09/13/2006 | ✎24 | ORDER granting 21 Motion for Extension of Time to File a Response to the Defendant's Motion to Dismiss. Plaintiff shall file his response to the motion to dismiss on or before 10/11/06. Signed by Judge Marcia A. Crone on 9/13/06. (mrp, ) (Entered: 09/13/2006) |
| 09/15/2006 | ✎25 | *Defendant's* ANSWER to Complaint *and Affirmative Defenses* by Morgan Stanley & Co, Inc.(Oxford, Hubert) (Entered: |

| | | 09/15/2006) |
|---|---|---|
| 09/20/2006 | ❸26 | CORPORATE DISCLOSURE STATEMENT filed by Morgan Stanley & Co, Inc identifying Morgan Stanley as Corporate Parent. (Oxford, Hubert) (Entered: 09/20/2006) |
| 09/25/2006 | ❸27 | ORDER to Conduct Rule 26(f) Conference with a proposed Scheduling Order. Signed by Judge Marcia A. Crone on 9/25/06. (mrp, ) (Entered: 09/25/2006) |
| 10/06/2006 | ❸28 | Joint MOTION to Stay *Action* by Kyle R Armitage. (Coffman, Richard) (Entered: 10/06/2006) |
| 10/10/2006 | ❸29 | ORDER granting 28 Motion to Stay. This case is stayed pending the Judicial Panel on MDL's ruling on Plaintiff's request that this action be transferred to MDL. Signed by Judge Marcia A. Crone on 10/10/06. (mrp, ) (Entered: 10/11/2006) |
| 01/03/2007 | ❸31 | CONDITIONAL TRANSFER ORDER to transfer this action to USDC S/D CA for inclusion in MDL 1806 in re Morgan Stanley & Co., Inc., Overtime Pay Litigation (No II). Signed by Clerk of the Panel (mrp, ) (Entered: 01/17/2007) |
| 01/16/2007 | ❸30 | ORDER. In light of the conditional transfer order issued by the Judicial Panel on MDL on 12/27/06, in the USDC S/D CA, this case is administratively closed pending further order of this court. Signed by Judge Marcia A. Crone on 1/16/07. (mrp, ) (Entered: 01/16/2007) |
| 01/17/2007 | ❸ | File electronically forwarded to USDC S/D CA pursuant to Conditional Transfer Order request received by email on 1/16/07. Attached complaint, CTO and docket sheet and emailed to Beverly Robinson, Clerk USDC S/D CA. (mrp, ) (Entered: 01/17/2007) |

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 3 2006

DAVID J. MALAND, CLERK

DEPUTY _Adele  Mendis_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| KYLE R. ARMITAGE, on behalf of himself and all others similarly situated, | § § § | CIVIL ACTION NO. _____ |
| PLAINTIFFS § | § | 1 # 0 6 C V 0 3 4 7 |
| VS. | § § § | JUDGE __Judge Crone__ |
| MORGAN STANLEY & CO., INC., | § § | |
| DEFENDANT | § § | |

### REPRESENTATIVE PLAINTIFF'S ORIGINAL CLASS ACTION
### COMPLAINT AND JURY DEMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Representative Plaintiff Kyle R. Armitage ("Armitage"), on behalf of himself and all similarly situated persons (as defined in the Class below), complains of the actions of Defendant Morgan Stanley & Co., Inc. ("Morgan Stanley"), and respectfully shows the following:

### I.

### NATURE OF THE CASE

1.     This action is a class action brought pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Texas common law to vindicate the rights of Armitage and all other similarly situated persons (the "Class members") who were employed by Morgan Stanley as financial advisors in Texas, worked greater than forty (40) hours per week, and were not paid overtime pay. Armitage, on behalf of himself and the Class members, seeks actual damages, liquidated damages, pre- and post-judgment interest, attorneys' fees, litigation expenses, court costs, and equitable relief as may be appropriate.

II.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Armitage's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

3.     This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2), as amended by Public Law 109.2, 119 Stat. 4 (2005), because the proposed class exceeds 100 members, the amount in controversy may exceed the sum of $5 million (exclusive of interest and costs), and Class members are citizens of a state different from Morgan Stanley.

4.     This Court also has supplemental jurisdiction over Armitage's Texas common law claim pursuant to 28 U.S.C. § 1367.

5.     At all relevant times, Morgan Stanley resided, was found, had an agent or transacted business in the State of Texas, including the Eastern District of Texas. A substantial part of the events and omissions giving rise to the claims of Armitage and the Class members occurred in the Eastern District of Texas. Venue, therefore, is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(a).

III.

## PARTIES

6.     Representative Plaintiff Armitage is a resident of Jasper County, Texas. Armitage was employed as a financial advisor in the Morgan Stanley Beaumont, Texas office from November 2004 through February 2006. As a Morgan Stanley financial advisor, Armitage regularly and consistently worked in excess of forty (40) hours per week for which he was not paid any overtime pay.

7.    Defendant Morgan Stanley is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Morgan Stanley is one of the largest retail securities brokerage firms in the United States. Morgan Stanley may be served with Summons and a copy of this Original Class Action Complaint by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

IV.

FACTUAL BACKGROUND

8.    Financial advisors employed by Morgan Stanley, including Armitage, routinely work more than forty (40) hours per week.

9.    Morgan Stanley, however, does not pay such employees overtime pay.

10.    Under federal law and Texas common law, employers must pay an overtime premium to employees who work in excess of forty (40) hours per week unless the employees fall into one or more express "exemptions."

11.    Financial advisors employed by Morgan Stanley on a commission-only basis, such as Armitage, do not fit into any such overtime exemptions.

12.    While federal law recognizes a limited exemption to overtime rules for certain employees who are paid by commission, financial advisors employed by Morgan Stanley *do not* fit within this exemption.

13.    To qualify for the commissioned worker exemption, the employee must work in a "retail or service establishment."

14.    Regulations issued by the United States Department of Labor specifically provide that "stock or commodity brokers" *are not* engaged in a "retail or service establishment." *See* 29 F.F.R. § 779.317.

3

15.    The financial advisors employed by Morgan Stanley on a commission-only basis also do not fit within the so-called "executive," "administrative," "professional" or "highly qualified employee" exemptions to the overtime rules.

16.    Each of these exemptions requires the employee to be paid a certain guaranteed weekly minimum on either a "salary basis" or a "fee basis."

17.    Armitage and the Class members are not paid any amounts under either a "salary basis" or "fee basis" as those terms are defined by the applicable overtime regulations.

18.    Rather, Armitage and the Class members are allowed to "draw"--or borrow-- against future commissions.

19.    While Morgan Stanley misclassifies such loans to employees as "salary," these advances against future commissions do not meet the definition of pay on a "salary basis" or "fee basis" set forth in the applicable regulations.

20.    Specifically, the weekly draw paid to Armitage and the Class members comes with a corresponding obligation by them to repay the draws either by generating sufficient future commissions to cover the draw or otherwise.

21.    The "draw" paid to Armitage and the Class members is likewise subject to reduction based on variations in the quality or quantity of the work performed and other deductions by Morgan Stanley.

22.    In addition, Armitage and the Class members also do not meet the "duties" tests for any of these exemptions to the overtime rules.

23.    The primary duties of Armitage and the Class members do not consist of performing administrative or managerial tasks, but rather of selling financial products. *See* 29

4

C.F.R. § 541.203(b) ("an employee whose primary duty is selling financial products does not qualify for the administrative exemption").

24.     Armitage and the Class members do not perform duties requiring advanced study at an institution of higher learning in scientific field or the arts or an advanced degree.

25.     Rather, the commission-only financial advisors employed by Morgan Stanley are engaged in "production work," producing the day-to-day goods, services and/or sales that are Morgan Stanley's "product."

26.     Because they do not fit into any of the exemptions from overtime pay, Armitage and the Class members are entitled to overtime pay for all work performed in excess of forty (40) hours per week.

V.

## CLASS ALLEGATIONS

27.     The preceding factual statements and allegations are incorporated herein by reference.

28.     Armitage brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Armitage seeks to represent a Class consisting of:

> All persons currently or formerly employed by Morgan Stanley as commission-only financial advisors in Texas, from June 2002 to the present.

29.     This action is properly brought as a class action because the Class members are so numerous that joinder of all of them is impracticable. Class members are widely dispersed throughout Texas. While the exact number of Class members is unknown to Armitage at this time, and only can be ascertained through appropriate discovery, Armitage believes that there potentially are hundreds of putative Class members.

5

30.     This action also is properly brought as a class action because certain common questions of law and fact exist as to all Class members, and predominate over any questions solely affecting individual Class members including, *inter alia*:

(i)     Whether Armitage and the Class members are entitled to receive overtime pay?

(ii)    Whether Armitage and the Class members regularly work more than forty (40) hours per week?

The only question affecting individual Class members is the precise amount to which each Class member is entitled as compensation for Morgan Stanley's unlawful and unauthorized conduct.

31.     Armitage's claims are typical of the Class members' claims since they were not paid overtime for working in excess of forty (40) hours per week.

32.     The interests of the Class members will be fairly and adequately protected by Armitage. Armitage's interests are consistent with those of the Class members. Armitage and the Class members are represented by experienced and able counsel knowledgeable about class action litigation, complex commercial litigation, employment litigation and principles of accounting and finance.

33.     Armitage's interests are not antagonistic to, or in conflict with, the interests he seeks to represent. Armitage knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

34.     Class certification, therefore, is appropriate under FED. R. CIV. P. 23(b)(2) because Morgan Stanley consistently and wrongfully failed to pay its commission-only financial advisors overtime for working in excess of forty (40) hours per week (and continues to do so), thereby making declaratory and/or injunctive relief on a going forward basis appropriate with respect to the Class as a whole.

6

35.    Class certification also is appropriate under FED. R. CIV. P. 23(b)(3) because the above-described law and fact questions predominate over any questions affecting individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36.    The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual litigation in order to vindicate their rights. In the absence of a class action, Morgan Stanley will retain the benefits of its wrongdoing despite its serious violations of the law.

VI.

## CLAIMS FOR RELIEF/CAUSES OF ACTION

### COUNT I

### VIOLATION OF FLSA

37.    The preceding factual statements and allegations are incorporated herein by reference.

38.    Under the FLSA, an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

39.    During the Class Period, Armitage and the Class members worked more than forty (40) hours per week, but were not paid overtime.

40.    Morgan Stanley is not a "retail or service establishment" under 29 U.S.C. § 207(i) and/or 29 C.F.R. §§ 779.316; 779.317.

41.    Armitage and the Class members are not exempt under FLSA's administrative exemption.

42.    Armitage and the Class members are not exempt under FLSA's professional exemption.

43.    Armitage and the Class members are not exempt under FLSA's executive exemption.

44.    Armitage and the Class members are not exempt under FLSA's outside sales exemption.

45.    Morgan Stanley's regular and consistent failure to pay Armitage and the Class members overtime for all hours worked in excess of forty (40) per week constitutes multiple and ongoing violations of the FLSA.

COUNT II

**COMMON LAW CLAIM FOR UNPAID OVERTIME PAY**

46.    The preceding factual statements and allegations are incorporated herein by reference.

47.    Armitage and the Class members are entitled to overtime pay for all hours worked in excess of forty (40) hours per week at Texas common law, which Morgan Stanley has regularly and consistently failed and refused to pay.

48.    Armitage, therefore, on behalf of himself and the Class members, also brings this action as a common law debt action for the recovery of unpaid overtime pay at Texas common law.

8

## VII.

## RELIEF REQUESTED

**49.**    The preceding factual statements and allegations are incorporated herein by reference.

**50.**    *Actual damages.*  As a direct and proximate result of Morgan Stanley's above willful and wrongful conduct, Armitage and the Class members are entitled to their overtime pay for the Class period (plus a factor for the time value of money).  All of the damages sustained by Armitage and the Class members were reasonably foreseeable by Morgan Stanley, and exceed the minimum jurisdictional limits of this Court.

**51.**    *Statutory liquidated damages.*  Armitage and the Class members also are entitled to recover their statutory liquidated damages in an amount equal to the unpaid overtime compensation pursuant to 29 U.S.C. § 216(b).

**52.**    *Declaratory judgment/injunctive relief.*  Pursuant to 28 U.S.C. §§ 2201; 2202, Armitage, on behalf of those Class members who currently are employed by Morgan Stanley, further requests that this Court enter a declaratory judgment and injunction requiring Morgan Stanley to pay such Class members overtime pay on a going forward basis for time worked in excess of forty (40) hours per week.

**53.**    Armitage and the Class members also are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs in prosecuting this action pursuant to, *inter alia*, 29 U.S.C. § 216(b) and Section 38 of the Texas Civil Practice and Remedies Code.

**WHEREFORE**, Armitage, on behalf of himself and the putative Class, requests that (i) Morgan Stanley be cited to appear and answer this lawsuit, (ii) this action be certified as a class

action, (iii) he be designated as the Class Representative, and (iv) his counsel be appointed as Class

counsel. Armitage, on behalf of himself and the putative Class, further requests that upon final trial

or hearing, judgment be awarded against Morgan Stanley for:

(i)     actual damages to be determined by the trier of fact;

(ii)    statutory liquidated damages;

(iii)   declaratory and injunctive relief as set forth above;

(iv)    pre- and post-judgment interest at the highest legal rates;

(v)     reasonable and necessary attorneys' fees and litigation expenses incurred
        through the trial and any appeals of this case;

(vi)    costs of suit; and

(vii)   such other and further relief that this Court deems just and proper.

### JURY DEMAND

Armitage respectfully demands a trial by jury on all of his claims and causes of action.

Respectfully submitted,

By: *Richard L. Coffman* w/permission
T.C.

Richard L. Coffman, Esq.
State Bar No. 04497460
RICHARD L. COFFMAN, P.C.
1240 Orleans St., Suite 200
Beaumont, TX 77701
(409) 832-4767
(409) 832-4768 fax

**ATTORNEYS-IN-CHARGE      FOR      THE
REPRESENTATIVE  PLAINTIFF  AND
CLASS MEMBERS**

**OF COUNSEL:**

James E. Hasser, Jr., Esq.
**DIAMOND HASSER & FROST**
1325 Dauphine St.
Mobile, AL 36604
(800) 562-3362

Dbt f !2;17. dw 11458. N BD!!!!!Epdvn f ou42!!!!!Gjrñe!120140 3118!!!!!Qbhf !2!pg5

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 27, 2006

W. Samuel Hamrick, Jr., Clerk
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101-8900    1:06cv347

Re: MDL-1806 -- In re Morgan Stanley & Co., Inc., Overtime Pay Litigation

(See Attached Order)

Dear Mr. Hamrick:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Dbt f !2;17. dw 11458. N BD!!!!!Epdvn f oU42!!!!!Gjhf!120l4ß118!!!!!Qbhf !3!pg5

- 2 -

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
                    Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

|  | Transferee Judge: | Judge Roger T. Benitez |
|---|---|---|
| cc w/order only: | Transferee Chief Judge: | Judge Irma E. Gonzalez |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

|  | Transferor Clerk(s): | Robert C. Heinemann |
|---|---|---|
|  |  | David J. Maland |
|  |  | J. Michael McMahon |
|  |  | Kevin F. Rowe |
|  |  | John M. Waters |
|  |  | William T. Walsh |
|  | Transferor Judge(s): | Judge Richard C. Casey |
|  |  | Judge Dennis M. Cavanaugh |
|  |  | Judge Marcia A. Crone |
|  |  | Judge Sandra J. Feuerstein |
|  |  | Judge Joe B. McDade |
|  |  | Judge Alvin W. Thompson |

JPML Form 33

Dbt f !2;17.dw 11458. N BD!!!!!Epdvn f oU42!!!!!Gjrfie!120l4l3118!!!!!Qbhf !4!pg5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 7 2006

FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1806**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)

*Janemarie Lenihan v. Morgan Stanley & Co., Inc., et al.,* D. Connecticut,
  C.A. No. 3:06-794
*Joseph Stowell, Jr. v. Morgan Stanley DW, Inc.,* C.D. Illinois, C.A. No. 1:06-1219
*Robert Steinberg v. Morgan Stanley & Co., Inc., et al.,* D. New Jersey C.A. No. 2:05-4856
*Paul Roles v. Morgan Stanley & Co., Inc., et al.,* E.D. New York, C.A. No. 2:05-4553
*David Andrew Gasman, et al. v. Morgan Stanley,* S.D. New York, C.A. No. 1:05-7889
*Kyle R. Armitage v. Morgan Stanley & Co., Inc.,* E.D. Texas, C.A. No. 1:06-347

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of six putative class actions[1] pending, respectively, in each of the following districts: the District of Connecticut, the Central District of Illinois, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Eastern District of Texas.[2] Plaintiffs in the Central District of Illinois and the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Defendants Morgan Stanley & Co. (Morgan) and a Morgan affiliate, joined by plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions, do not oppose centralization, but argue in favor of the Southern District of California as transferee forum.

---

[1] As originally filed, the Section 1407 motion included a seventh action pending at the time in the Southern District of Florida: *Jennifer Taub v. Morgan Stanley DW, Inc.,* C.A. No. 06-60921. That action has since been settled, and the district court has entered an order approving the settlement agreement and dismissing the action with prejudice. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

[2] The Panel has been notified of three additional related actions pending as follows: two actions in the Southern District of California and one action in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Dbt f !2;17.dw 11458.N BD!!!!!Epdvn f ou42!!!!!Gjrfe!1201408118!!!!!Qbhf !5!pg5

RULE 1.6:    TRANSFER OF FILES

(a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

(i)    a certified copy of the individual docket sheet for each action being remanded;

(ii)    a certified copy of the master docket sheet, if applicable;

(iii)    the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;

(iv)    a certified copy of the final pretrial order, if applicable; and

(v)    a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

**JAN 1 1 2007**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

### Kyle R. Armitage

**DEFENDANTS**

### Morgan Stanley & Co. Inc

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Texas
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND
INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Jack L. Haan**
**20 N. Wacker Drive, Suite 2900**
**Chicago, IL 60606**
**(312)621-4400**

**ATTORNEYS (IF KNOWN)**

07 CV 75 BEN

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)      FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 29:201 Fair Labor Standards Act

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☒ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** _____   Check YES only if demanded in complaint:   **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE 1/11/07

SIGNATURE OF ATTORNEY OF RECORD